IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**EDWARD KIM**,

        Plaintiff,

   v.

**PRUDENTIAL FINANCIAL, INC.**,

        Defendant.

Case No. 3:15-cv-02029-HZ

**OPINION AND ORDER**

**HERNÁNDEZ, District Judge:**

Before the Court is Defendant's motion to dismiss (#32). For the reasons set forth below,

Defendant's motion is GRANTED. Plaintiff's first, second, third, sixth, seventh, and eighth

claims are dismissed with prejudice. Plaintiff's fourth and fifth claims are dismissed with leave

to amend. Plaintiff shall have thirty (30) days to file an amended complaint.

## BACKGROUND

Plaintiff Edward Kim is an Asian-American businessman with extensive experience in

the financial industry, including the operation of his own company, Hawaii Pacific Insurance

Corp., from 1984 to 2011.

Defendant Prudential Financial, Inc. ("Prudential"), provides financial services to

individuals and businesses, including investment services and insurance.

In March 2014, Plaintiff began communicating with Prudential's human resources

department and two of its managers, Randy Cox ("Cox") and David Johnston ("Johnston"),

about a job opening. Plaintiff alleges Cox and Johnston promised he would be responsible for

Hawaii, and this promise induced Plaintiff to ultimately accept an offer.

On April 25, 2014, Plaintiff met with Cox and Elizabeth Holmberg ("Holmberg"), a

human resources employee, to further discuss the position. Cox and Holmberg made a verbal

offer of a Regional Sales Vice President ("RSVP") position. The position's base salary was

$85,000 per year with benefits, plus bonus and commission incentives. Plaintiff alleges Cox and

Holmberg promised the region of Oregon, as well as parts of Washington and Hawaii, would be

included for sales and servicing responsibilities. Plaintiff received an offer letter at the meeting

that stated Plaintiff would be hired to work the "Oregon territory," and he accepted the position

either later that day or April 26.

In July 2014, Plaintiff attended an orientation for new employees and learned Hemet

Sachdev, another Prudential employee, had been promised the Hawaii territory as "part of a

resolution to a conflict over some other promises that were not being honored." Plaintiff

contacted Cox, who reiterated Plaintiff was to receive the Hawaii territory and the issue would be resolved. Plaintiff believes Cox presented the matter to Johnston, but Plaintiff did not receive the Hawaii territory. In August 2014, Plaintiff alleges Cox suggested to Prudential that Plaintiff should at least be given parts of Hawaii if it was refusing to give Plaintiff the entire territory.

In October 2014, Plaintiff attended a national conference in Florida to network and meet Steven Neal Stone ("Stone"), another Prudential manager. Plaintiff alleges Stone ignored Plaintiff at the networking event, and this treatment resulted in a hostile work environment.

In March 2015, Plaintiff filed an internal complaint alleging he was being denied the Hawaii territory because of discrimination, either against Cox, who is African-American, or against Plaintiff himself. On April 7, Plaintiff received a memo from Laura Waldrep, Prudential's Director of Human Resources. The memo concluded there was no evidence of discrimination or unfair treatment, and it also provided the Hawaii territory was not included in the original offer letter, the territory was already assigned to another employee, and there was no reason to change assignments.

In June 2015, Plaintiff alleges Prudential did not extend his first-year base salary, as it had for other RSVPs who had lower sales. Also during that summer, Cox left Prudential. Plaintiff alleges Cox was illegally discharged due to racial discrimination. Plaintiff applied for promotion to Cox's position, but the position was filled by another Prudential employee who is "believed to be Caucasian." Plaintiff alleges the other employee had less industry experience and lower sales.

On September 3, 2015, Plaintiff submitted a letter of resignation by email, effective October 2, 2015. Prudential terminated Plaintiff on September 17, 2015.

Plaintiff filed suit in November 2015 and amended his complaint in December 2015, alleging claims of discrimination and retaliation under state and federal law, breach of contract, promissory estoppel, and fraud. Defendant moved to dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim. Judge Panner found for Prudential and granted Plaintiff leave to amend his complaint. Plaintiff filed his Second Amended Complaint ("SAC") in June 2016.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n, Inc. v. City & Cty. of S.F.*, 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

## DISCUSSION

Plaintiff's SAC realleges claims for discrimination and retaliation under state and federal law, breach of contract, promissory estoppel, and fraud. Prudential moves to dismiss the complaint.

## I.    Discrimination

Plaintiff's first and second claims for relief allege discrimination under ORS 659A.030 and 42 U.S.C. § 1981. Claims brought under ORS 659A.030 and 42 U.S.C. § 1981 are analyzed under the same legal standards. *See DeWeese v. Cascade Gen. Shipyard*, No. 08-860-JE, 2011 WL 3298421, at *7 (D. Or. May 9, 2011) ("The same legal standards apply when analyzing claims brought pursuant to [ORS 659A.030, 42 U.S.C. § 1981, and Title VII]."). To establish a prima facie claim for discrimination, a plaintiff "must offer evidence that give[s] rise to an inference of unlawful discrimination, either through the framework set forth in *McDonnell Douglas Corp. v. Green* [411 U.S. 792 (1973)] or with direct or circumstantial evidence of discriminatory intent." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003) (internal quotation marks and citations omitted).

In his SAC, Plaintiff alleges he suffered from discrimination directed toward Cox and himself.

**A. Third-Party Discrimination Claim**

Plaintiff relies in part on alleged racial discrimination against Cox. Prudential argues Plaintiff is barred from arguing this third-party discrimination by the law of the case doctrine. "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. U.S.*, 841 F.2d 993, 996 (9th Cir. 1988). "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *U.S. v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (internal quotation marks and citation omitted). "Application of the doctrine is discretionary." *Id*. "Issues that a district court determines during pretrial motions become law of the case." *U.S. v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004).

In this Court's previous ruling, Judge Panner found "[e]ven accepting the allegations contained in the FAC as true, Plaintiff has only alleged that he is "collateral damage" in discrimination aimed at Cox. This is not sufficient to establish a right to sue under 42 U.S.C. § 1981 or ORS 659A.030." *Kim v. Prudential Fin., Inc.*, No. 3:15-cv-2029-PA, 2016 WL 2595477, at *6 (D. Or. May 4, 2016).  This issue was decided as a matter of law. Therefore, this aspect of Plaintiff's discrimination claim is barred.[1]

**B. Other Discrimination Claims**

Plaintiff also alleges he was discriminated against on the basis of his race. In his SAC, Plaintiff alleges Prudential discriminated by not assigning Plaintiff the Hawaii territory, refusing to promote Plaintiff to replace Cox, creating a hostile work environment, constructive discharge,

---

[1] Plaintiff also relies on this third-party discrimination in his sixth, seventh, and eighth claims for relief alleging retaliation. Because the same legal standards apply, *see infra* § II, Plaintiff is barred from relying on this alleged discrimination against Cox for his retaliation claims.

and wrongful termination. While Prudential argues none of this conduct constituted discrimination in its motion to dismiss, Plaintiff only responds to arguments regarding Prudential's refusal to promote. A plaintiff who fails to raise an issue "in response to a defendant's motion to dismiss . . . has effectively abandoned his claim." *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). Therefore, Plaintiff has conceded all aspects of his discrimination claim except for Prudential's failure to promote Plaintiff to replace Cox.[2]

Plaintiff fails to establish the failure to promote was a result of discrimination. Similar to the arguments raised in response to Prudential's first motion to dismiss, Plaintiff argues the other employee's lesser industry experience, along with Plaintiff's success in sales, demonstrate racial animosity. While Plaintiff has alleged he performed well in sales, he has not demonstrated he was eligible for the promotion in question. Plaintiff also has not alleged whether the other employee had equal or inferior qualifications, beyond allegations of industry experience that Judge Panner previously deemed insufficient. *Kim*, 2016 WL 2595477, at *4.

In sum, Plaintiff has insufficiently pleaded his discrimination claim.

**II.    Retaliation**

Plaintiff's sixth, seventh, and eighth claims for relief allege retaliation under ORS 659A.030, 42 U.S.C. § 1981, and ORS 659A.199.

To establish a prima facie claim for retaliation under ORS 659A.030 and 42 U.S.C. § 1981,[3] a plaintiff must show (1) he engaged in a protected activity, (2) his employer subjected him to an adverse employment action, and (3) there is a causal link between the protected activity and the adverse action. *Manatt v. Bank of Am*, 339 F.3d 792, 800 (9th Cir. 2003).

---

[2] To the extent those other actions need to be addressed, they are dismissed for the reasons set forth in Judge Panner's previous order. *See Kim*, 2016 WL 2595477, at *3–*5.
[3] As mentioned *supra* § I, claims brought under ORS 659A.030 and 42 U.S.C. § 1981 are analyzed under the same legal standards.

Similarly, to establish a prima facie claim for retaliation under ORS 659A.199, a plaintiff must show (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) there is a causal link between the protected activity and the adverse action. *Neighorn v. Quest Health Care*, 870 F.Supp.2d 1069, 1102 (D. Or. 2012).

To show a causal link between an alleged protected activity and an adverse employment action, a plaintiff must show the protected activity constituted the "but-for cause" of the employer's adverse employment action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, ___ U.S. ___, 133 S. Ct. 2517, 2533 (2013); *see Lindsey v. Clatskanie People's Util. Dist.*, No. 3:14-cv-485-SI, 2015 WL 6443290, at *5 (D. Or. Oct. 23, 2015) (acknowledging Oregon courts apply similar "but-for" standard). Causation may be satisfied through "circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision." *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987).

In his SAC, Plaintiff alleges that—because of his internal complaint—Prudential retaliated against Plaintiff by not assigning him the Hawaii territory, refusing to promote him to replace Cox, and constructive discharge.[4]

Regarding the assignment of the Hawaii territory, Plaintiff's allegations indicate the territory was already assigned before Plaintiff made the internal complaint. As discussed in Judge Panner's previous ruling, these allegations are not sufficient to establish causation. *See Kim*, 2016 WL 5295477, at *12.

---

[4] Plaintiff also appears to allege Prudential retaliated through social ostracism amounting to a hostile work environment and wrongful termination. However, Plaintiff did not respond to Prudential's arguments raised in its motion to dismiss concerning this conduct. As discussed *supra* § I.B, Plaintiff thus concedes these aspects of his claim.

For the remaining adverse actions, the temporal proximity is not so close to establish causation. Plaintiff filed his internal complaint in March 2015. The first adverse action following the complaint, Prudential's failure to promote Plaintiff, occurred sometime after Plaintiff was recognized for sales in June 2015—a few months after the complaint was filed. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (acknowledging temporal proximity must be "very close"). Therefore, Plaintiff has insufficiently pleaded his retaliation claims.

## III.    Breach of Contract

Plaintiff's third claim for relief alleges breach of contract. Plaintiff's employment with Prudential was at-will, and "[t]he law is well established that an employer may modify an at-will employment relationship unilaterally." *Fish v. Trans-Box Sys., Inc.*, 140 Or. App. 255, 259 (1996). However, an employer cannot unilaterally modify a contract once the employee's benefits or rights have vested. *Furrer v. Sw. Or. Cmty. Coll.*, 196 Or. App. 374, 379 (2004). "An employee's right to an employment benefit vests when that employee has satisfied all conditions precedent to eligibility for the benefit under the employer's policy." *Funkhouser v. Wells Fargo Corp.*, 224 Or. App. 308, 312 (2008). Moreover, "[b]y continuing to work for an employer after the employee is aware of a change in the employer's policies, the employee impliedly accepts the change in his or her employment contract." *Brett v. City of Eugene*, 130 Or. App. 53, 57 (1994).

In his SAC, Plaintiff alleges he entered into an enforceable contract that included his assignment to the Hawaii territory, and Prudential breached this contract by failing to provide the Hawaii territory.

Setting aside the issue of whether Plaintiff had a vested right, Plaintiff's allegations demonstrate he impliedly accepted Prudential's decision to not assign him the Hawaii territory. Regardless of whether he was assured the assignment beforehand, the memo Plaintiff received

on April 7, 2015, made Prudential's intentions clear: the current assignment of the Hawaii territory to another employee would not be changed. Plaintiff continued to work in spite of this decision, and that following summer, he considered himself eligible for a base-salary extension as well as a promotion to Cox's former position. By continuing employment after being made aware of Prudential's decision, Plaintiff accepted any change made to his employment contract. *See Fish v. Trans-Box Sys., Inc.*, 140 Or. App. 255, 259 (1996) (finding plaintiff accepted modification of employment contract after becoming aware and continuing to work after modification). Therefore, Plaintiff has insufficiently pleaded his breach of contract claim.

## IV.    Promissory Estoppel

Plaintiff's fourth claim for relief alleges promissory estoppel. The elements of promissory estoppel are "(1) a promise, (2) which the promisor, as a reasonable person, could foresee would induce conduct of the kind which occurred, (3) actual reliance on the promise, (4) resulting in a substantial change in position." *Bixler v. First Nat. Bank*, 49 Or. App. 195, 199–200 (1980). Concerning the last element, the promise must induce "reasonably foreseeable detrimental reliance." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1108 (9th Cir. 2009).

In his SAC, Plaintiff alleges Prudential induced Plaintiff to accept a position by promising the Hawaii territory, and his reliance on Prudential's promise resulted in his detriment because he gave up other employment opportunities in his field.

Plaintiff has not established he detrimentally relied on Prudential's alleged promise. In his SAC, Plaintiff alleges that "[b]y accepting the position at Prudential Plaintiff gave up the opportunity to start and grow his own competing business in Hawaii and elsewhere, and also otherwise gave up the opportunity to accept positions with other companies including and not limited to Pgl and Meiji Yasuda Life, and Wells Fargo." General forbearance from seeking job

opportunities is not sufficient to show detrimental reliance; Plaintiff has not established he rejected job offers during his period of employment with Prudential before the alleged promise was repudiated. *See Houston v. Yoncalla School Dist. No. 32*, No. 6:13-cv-01318-AA, 2014 WL 3514984, \*12 (D.Or. July 11, 2014) (finding allegations insufficient when detriment not established during window of employment). Therefore, Plaintiff has insufficiently pleaded his promissory estoppel claim.

## V.   Fraud

Finally, Plaintiff's fifth claim for relief is for fraud. Under Oregon law, the elements of fraud are

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) [the speaker's] intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) [the hearer's] reliance on its truth; (8) [the hearer's] right to rely thereon; (9) and [the hearer's] consequent and proximate injury.

*Wieber v. FedEx Ground Package Sys. Inc.*, 231 Or. App. 469, 480 (2009) (quotation marks and citation omitted).

Claims for fraud must be pled with particularity. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

In his SAC, Plaintiff alleges Prudential made false representations in promising Plaintiff the Hawaii territory, and Plaintiff detrimentally relied on this representation.

Plaintiff has not established a claim for fraud for two reasons. First, Plaintiff does not adequately plead Cox and Johnston knew the falsity of their promise at the time it was made. As Judge Panner previously recognized, Plaintiff seems to allege Cox always intended to provide

Plaintiff with the Hawaii territory but was prevented from doing so. *See Kim*, 2016 WL 2595477, at *10.

Second, Plaintiff has not alleged a "consequent and proximate injury" stemming from his reliance on Prudential's promise of the Hawaii territory. Plaintiff argues his injury is the same alleged for his promissory estoppel claim: he gave up on opportunities to pursue his own business in Hawaii, as well as opportunities with other companies. However, these general allegations are not pleaded with the particularity required by Rule 9(b). *See Great Am. Ins. Co. v. Linderman*, 116 F.Supp.3d 1183, 1193–94 (D. Or. 2015) (dismissing fraud claim because allegations linking false representations to injury not sufficiently particular). Therefore, Plaintiff has insufficiently pleaded his fraud claim.

## VI.    Leave to Amend

Previously, Judge Panner dismissed Plaintiff's FAC with leave to amend. *See Kim*, 2016 WL 2595477, at *19. Trial courts are vested with the discretion to dismiss an action "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Diamond State Ins. Co. v. Genesis Ins. Co.*, 379 F. App'x 671, 672–73 (9th Cir. 2010).

This Court dismisses Plaintiff's first, second, third, sixth, seventh, and eighth claims with prejudice. Plaintiff has not been able to plead sufficient facts to support claims for discrimination, retaliation, and breach of contract, nor does it seem he would be able to do so if given another opportunity. This Court dismisses Plaintiff's fourth and fifth claims with leave to amend. In amending his claims of promissory estoppel and fraud, Plaintiff should proceed based on the reasoning set forth in this decision.

## CONCLUSION

Defendant's Motion to Dismiss (#32) is GRANTED. Plaintiff's first, second, third, sixth, seventh, and eighth claims are dismissed with prejudice. Plaintiff's fourth and fifth claims are dismissed with leave to amend. Plaintiff shall have (30) days from the date of this Order to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of judgment of dismissal.

It is so ORDERED and DATED this _____ day of November, 2016.

Marco A. Hernández
U.S. District Judge