IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD KIM,

    Plaintiff,

 v.

PRUDENTIAL FINANCIAL, INC.,

    Defendant.

No. 3:15-cv-02029-HZ

OPINION & ORDER

Aaron W. Baker
Ashley Bannon Moore
Baker Law PC
888 SW 5th Ave., Suite 650
Portland, OR 97204

Robert K. Meyer
Robert K. Meyer, Attorney at Law, P.C.
888 SW 5th Ave., Suite 650
Portland, OR 97204

 Attorneys for Plaintiff

1 – OPINION & ORDER

Jacob F.M. Oslick
Lorie E. Almon
Seyfarth Shaw LLP
620 8th Avenue
New York, NY 10018

Andrew S. Moses
Gordon & Polscer, LLC
9755 SW Barnes Road, Suite 650
Portland, OR 97225

     Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Edward Kim brings two claims against his former employer, Defendant Prudential Financial, Inc.: (1) promissory estoppel, and (2) fraud. Defendant moves to dismiss Plaintiff's claims. This is Plaintiff's third attempt to survive a motion to dismiss—his previous two complaints were dismissed for failure to state a claim.

The Court held oral argument on April 14, 2017. Because Plaintiff once again fails to state a claim, the Court grants Defendant's motion to dismiss.

## BACKGROUND

Plaintiff is a businessman with decades of experience in insurance services and the financial industry. Third Am. Compl. ("TAC") ¶ 5, ECF 45. Defendant provides financial services to individuals and businesses, including investment services and insurance. *Id.* at ¶ 3.

Prior to working for Defendant, Plaintiff operated his own business, Hawaii Pacific Insurance Corporation ("HPIC"). *Id.* at ¶ 5. Plaintiff worked and lived in Hawaii. *Id.* Through HPIC, Plaintiff "provided independent insurance services and expanded the business into a full-service benefit and wealth management firm." *Id.* According to Plaintiff, he had "ongoing success" in the financial industry, generally, and in Hawaii, in particular. *Id* at ¶ 6.

In March of 2014, Plaintiff began discussing potential employment with employees of Defendant. *Id.* at ¶ 7. Plaintiff spoke with Elizabeth Holmberg from Human Resources; Randy Cox, Division Vice President; and David Johnston, Mr. Cox's supervisor. *Id.* According to Plaintiff, Defendant had a job opening for a sales territory that included Oregon, parts of Washington, and Hawaii. *Id.* The four of them started to discuss potential employment over approximately nine phone calls. *Id*.

Ms. Holmberg, Mr. Cox, Mr. Johnston, and "other unknown decision makers" made assertions and promises that Plaintiff relied upon in considering employment with Defendant. *Id.* at ¶¶ 24, 32, 37. Most importantly, Plaintiff was told that his position would include Hawaii for sales and servicing responsibilities. *Id.* at ¶ 10. Plaintiff was only interested in the job because the sales territory included Hawaii. *Id.* at ¶ 9.

On April 25, 2014, Plaintiff met with Mr. Cox and Ms. Holmberg at the Westin Hotel in Portland, Oregon to discuss the position with Defendant. *Id.* at ¶ 10. Plaintiff received a verbal job offer. *Id.* According to Plaintiff, the position was Regional Sales Vice President for a region including Oregon, parts of Washington, and Hawaii. *Id.* By accepting the position, Plaintiff would be required to cease writing new business for HPIC. *Id.* at ¶ 11.

The same day, Plaintiff received an offer letter from Defendant. *Id.* at ¶ 12. The letter stated that Plaintiff would be hired to work the "Oregon territory." *Id.* Because of Plaintiff's prior conversations with Defendant's agents, Plaintiff understood the "Oregon territory" to include Oregon, southwest Washington, and Hawaii. *Id.* According to Plaintiff, it is common in the insurance and investment industry for an employer to name a state or geographical "territory" and for the territory to encompass other areas not included in the name. *Id.* at ¶ 15. For example, Plaintiff states that Hawaii was at one point included in Defendant's "California territory." *Id.*

Once Plaintiff began working for Defendant, Mr. Cox and Mr. Johnston continued to indicate to Plaintiff that his territory would include Hawaii. *Id.* at ¶ 19. However, when Plaintiff attended a new-employee orientation, he learned that another employee had been promised the Hawaii territory as "part of a resolution to a conflict over some other promises that were not being honored." *Id.* at ¶ 20.

Plaintiff approached Mr. Cox regarding the information he received that another employee would be working the Hawaii territory. *Id.* at ¶ 21. Plaintiff states that "Cox took the information to Johnston and Johnston once again told Cox that Hawaii would be part of Plaintiff's territory." *Id.* Plaintiff states that he "reasonably relied" on representations from Defendant. *Id.* at ¶ 22.

In March of 2015, Plaintiff complained to Human Resources ("HR") because he had still not received the Hawaii territory. *Id.* at ¶ 24. Laura Waldrop, Director of HR, replied in a memorandum dated April 7, 2015. *Id.* The memo states that "Hawaii is not a state covered by the Pacific Northwest Division" and that Plaintiff's "offer letter clearly states the area assigned to you within your territory." *Id.* She stated that "Hawaii is currently assigned to * * * the Southwest territory, and there is no business reason to change territorial assignments." *Id.* Plaintiff claims that, even after HR issued its memo, Mr. Cox and Mr. Johnston continued to assure Plaintiff that he would receive Hawaii as part of his territory. *Id.*

On September 3, 2015, Plaintiff resigned. *Id.* at ¶¶ 27–28. Plaintiff states that he "had been patiently waiting to receive the Hawaii territory as promised and agreed upon." *Id.* at ¶ 27. Plaintiff, "had made multiple inquiries and complaints about the matter, but felt he could not continue losing out on both the Hawaii income and at the same time continue to give up writing

new business through HPIC." *Id.* According to Plaintiff, he was and would continue to be losing out on "huge amounts of potential income in Hawaii." *Id.*

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n, Inc. v. City & Cnty. of S.F.*, 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted).

A motion to dismiss under Rule 12(b)(6) will be granted if a Plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Additionally, "only a complaint that states a plausible claim

for relief survives a motion to dismiss." *Id.* at 679. A complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct" *Id.* at 679. *See also Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).

## DISCUSSION

Plaintiff brings claims of promissory estoppel and fraud. The claims are dismissed for the same reason: Plaintiff fails to allege that he suffered any detrimental reliance or injury due to Defendant's alleged actions.

### I. Promissory Estoppel—Claim 1

Plaintiff asserts a claim for promissory estoppel, alleging that Defendant "promised" that his Regional Sales Vice President sales territory would include Hawaii. TAC ¶¶ 10, 30. Plaintiff argues that he should receive the benefit of that promise.

On May 4, 2016, this Court dismissed Plaintiff's First Amended Complaint, including Plaintiff's promissory estoppel claim. *Kim v. Prudential Fin., Inc.*, No. 3:15-CV-2029-PA, 2016 WL 2595477 (D. Or. May 4, 2016). The Court explained that Plaintiff had not alleged sufficient facts to show a clear and well-defined promise or detrimental reliance upon such a promise. *Id.* at *9. Six months later, this Court dismissed Plaintiff's promissory estoppel claim in his Second Amended Complaint. *Kim v. Prudential Fin., Inc.*, No. 3:15-CV-02029-HZ, 2016 WL 6803082, at *5 (D. Or. Nov. 14, 2016). Plaintiff again failed to sufficiently allege detrimental reliance. *Id.* at *5.

Now, Plaintiff brings a third attempt to plead a promissory estoppel claim. Prior to oral argument, this Court issued a minute order in which it suggested that this claim should be dismissed because the parties' dispute over the meaning of "Oregon territory" constitutes a dispute over a contractual term rather than anything that could form the basis for a promissory

estoppel claim.[1] *See* Order, ECF 52. However, at oral argument, the parties agreed that because the Court has not held that the parties had an enforceable contract, this claim was properly analyzed as one for promissory estoppel.[2]

"In Oregon, it is well recognized that promissory estoppel . . . is a subset of and a theory of recovery in breach of contract actions." *Neiss v. Ehlers,* 135 Or. App. 218, 227–28, 899 P.2d 700, 706 (1995). "Promissory estoppel is not an independent cause of action. It is a substitute for consideration, and provides a basis for enforcing a promise as a contract despite a lack of consideration, when the promisee has relied on a promise to his or her detriment." *Natkin & Co. v. H.D. Fowler Co.,* 128 Or. App. 311, 314, 876 P.2d 319, 321 (1994). The elements of promissory estoppel are: "(1) a promise, (2) which the promisor, as a reasonable person, could foresee would induce conduct of the kind which occurred, (3) actual reliance on the promise, (4) resulting in a substantial change in position." *Furrer v. Sw. Or. Cmty. Coll.,* 196 Or. App. 374, 382, 103 P.3d 118, 123 (2004). In other words, "promissory estoppel derives from a promise that induces reasonably foreseeable, detrimental reliance." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1108 (9th Cir. 2009), *as amended* (Sept. 28, 2009). If a party meets these elements, a court may—pursuant to its equitable power—compel performance of the promise.

This Court's prior opinion explained that it was not enough for Plaintiff to allege that, by accepting the job with Defendant, he gave up the opportunity to start and grow his own

---

[1] While the Court dismissed Plaintiff's breach of contract claim in *Kim v. Prudential Financial, Inc.*, No. 3:15–CV–02029–HZ, 2016 WL 6803082, at *11 (D. Or. Nov. 14, 2016) because he accepted any change to his employment contract by continuing to work, upon closer review the Court considered that Plaintiff could still bring a breach of contract claim at least with regard to a breach of the initial employment contract.

[2] Even if the Court had analyzed the claim as one for breach of contract, the claim would fail for the reasons explained in *Kim v. Prudential Financial. Inc.*, No. 3:15–CV–02029–HZ, 2016 WL 6803082, at *11 (D. Or. Nov. 14, 2016) and because there are no allegations of damage to Plaintiff. *See, e.g.*, *Fish v. Trans-Box Sys., Inc.*, 140 Or. App. 255, 260, 914 P.2d 1107, 1109 (1996) ("Even if plaintiff could show a breach of contract, he must also demonstrate that he suffered damage as a result of the breach.").

competing business or accept positions with other companies. *Kim v. Prudential Fin., Inc.*, No. 3:15–CV–02029–HZ, 2016 WL 6803082, at *5 (D. Or. Nov. 14, 2016). The Court noted that Plaintiff had "not established he rejected job offers during his period of employment with Prudential before the alleged promise was repudiated." *Id.* Specifically, the Court ruled that "general forbearance from seeking job opportunities is not sufficient to show detrimental reliance." *Id.*

In support of its conclusions, this Court cited *Houston v. Yoncalla School District No. 32*, No. 6:13-CV-01318-AA, 2014 WL 3514984 (D. Or. July 11, 2014). In *Houston*, the plaintiff worked as a substitute teacher for four weeks in reliance on a promise that the work would lead to a teaching contract. *Id.* at *1. However, when the defendant ultimately offered the teacher a contract, it was for a substantially lower salary than the teacher had been led to believe would be offered. *Id.* The teacher brought a promissory estoppel claim, alleging that he had been promised a contract with a salary and benefits up to $50,000. *Id.* at *12. The Court dismissed the plaintiff's claim for, among other reasons, failure to plead detrimental reliance. *Id.* The plaintiff did not allege that he rejected other salaried teaching positions or that he otherwise lost employment opportunities during the time that he served as a substitute teacher. *Id.*

In response to this Court's opinion, Plaintiff submits his Third Amended Complaint with additional details regarding how he detrimentally relied on Defendant's promise of the Hawaii territory. Plaintiff states that, in reliance on Defendant's promise, Plaintiff "ceased all active operations of his company, HPIC[.]" TAC ¶ 33. Such reliance was detrimental because Plaintiff "was denied the opportunity during his employment at Prudential to grow his business and establish good will." *Id.* Plaintiff also alleges that "[b]y accepting the position at Prudential Plaintiff was required to cease writing new business through HPIC, resulting in lost business and

a substantial loss of income." *Id.* at ¶ 18. The issue is whether Plaintiff's new allegations are sufficient.

Plaintiff argues, without any support, that at this stage of the proceeding, he does not need to provide more detail regarding HPIC's profitability. Defendant argues that, while Plaintiff shows a substantial change in position (working for Defendant instead of remaining self-employed at HPIC), Plaintiff fails to show that this change was detrimental. For example, Plaintiff may have lost business and a substantial amount of income from HPIC, while at the same time earning more money working for Defendant than he would have made at HPIC. Defendant argues that Plaintiff must provide "more factual detail such as his income from HPIC, dates he worked with HPIC, and additional context." Def.'s Mot. Dismiss 7, ECF 48.

The Court agrees with Defendant. While the parties do not cite, and the Court did not find, any Oregon cases directly on point, cases from other jurisdictions offer guidance. For example, a case from the District of New Jersey offers a helpful summary of when courts will allow a claim of promissory estoppel when the claimed detrimental reliance stems from the forbearance of another job offer. *See Swider v. Ha-Lo Industries, Inc.*, 134 F. Supp. 2d 607 (D.N.J. 2001). The court explained that, generally, the mere detriment incurred from leaving one job for another cannot support a claim for promissory estoppel. *Id.* at 619-20. However, where there are losses incident to reliance upon the job offer itself, such as relocation costs or termination of a lease, such losses may form the basis for a promissory estoppel claim. *Id.*

Similarly, the Eighth Circuit has explained that "[r]emoving oneself from an active job market is insufficient to show detrimental reliance." *Kattke v. Indep. Order of Foresters*, 30 F. App'x 660, 661 (8th Cir. 2002) (finding no detrimental reliance where the plaintiff did not turn down any other concrete job offers to accept the position); *see also Curcio v. Hartford Fin.*

*Servs. Grp.*, 472 F. Supp. 2d 239, 245 (D. Conn. 2007) ("Forbearance from seeking job opportunities is not sufficient to show detrimental reliance for purposes of promissory estoppel because it is too speculative to establish detriment.") (internal quotation marks omitted).

Collectively, these cases reiterate that general forbearance from seeking job opportunities is not sufficient to establish detrimental reliance and, even where reliance is shown, the plaintiff must present evidence to prove that it was detrimental. Applying the principles derived from these cases to the facts in this case, the Court concludes that Plaintiff continues to fail to plead detrimental reliance. While Plaintiff adequately alleges that he relied on Defendant's promise of the Hawaii territory in accepting the position, there are no allegations that such reliance was detrimental. Plaintiff's allegations boil down to a claim that, because he took the job with Defendant, he stopped working at his previous job. That fact pattern would apply in every case where someone leaves a job to accept a new position. While Plaintiff adds the conclusory allegations that he suffered "lost business and a substantial loss of income," *see* TAC ¶ 18, he offers no facts to support these allegations. His failure to do so leaves the Court unable to infer, even viewing the facts in the light most favorable to Plaintiff, that he suffered any detriment by working for Defendant. Furthermore, when pressed by the Court at oral argument, Plaintiff's counsel was unable to point to any allegation that Plaintiff suffered such a detriment.

In sum, Plaintiff does not remedy the deficiencies the Court previously identified. Plaintiff fails to allege facts to support the detrimental reliance element of his promissory estoppel claim. Therefore, the Court dismisses Plaintiff's claim.

## II.     Fraud—Claim 2

In Plaintiff's second claim for relief, Plaintiff alleges fraud. Under Oregon law, the elements of fraud are:

> (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; (9) and the hearer's consequent and proximate injury.

*Wieber v. FedEx Ground Package Sys. Inc.*, 231 Or. App. 469, 480, 220 P.3d 68, 77 (2009).

Claims for fraud must be pled with particularity. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9(b) requires a higher pleading standard and requires that "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). Rule 9(b)'s particularity requirement applies to state-law causes of action. *Id.* at 1103.

This is the third time Plaintiff attempts to plead a fraud claim. In each of Plaintiff's prior attempts, the Court dismissed his claim for failure to allege any facts to support the conclusion that he suffered a "consequent and proximate injury" as a result of his reliance on Defendant's promise of the Hawaii territory. *Kim v. Prudential Fin., Inc.*, 2016 WL 2595477 at *9-10; *Kim v. Prudential Fin., Inc.*, 2016 WL 6803082, at *6.

For the same reasons explained in this Court's analysis of the promissory estoppel claim, Plaintiff's fraud claim fails for failure to allege an injury. Plaintiff failed to allege any facts in his TAC, or offer any argument in his brief and at oral argument, that would

suggest that he suffered any injury due to his reliance on Defendant's promise of the Hawaii territory. Therefore, this claim is dismissed.

## CONCLUSION

Defendant's motion to dismiss [48] is granted. Because Plaintiff has been given three opportunities to adequately plead his claims and has failed to do so, the Court dismisses the complaint with prejudice.

IT IS SO ORDERED.

Dated this ___8___ day of ___May___, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge